IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**JAMES M. BENNETT,**

    **Plaintiff,**

vs.                                                                                                                         **Civil No. 10-05 WDS**

**MICHAEL J. ASTRUE, Commissioner**
of the Social Security Administration,

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not eligible for benefits. Having considered Plaintiff's Motion and Memorandum Brief [Doc. 15], Defendant's Response [Doc. 16], Plaintiff's Reply [Doc. 17], the administrative record and applicable law, the Court finds that Plaintiff's Motion is well taken and it will be granted and that this matter will be remanded to the Commissioner of Social Security for further proceedings consistent with these findings.

### Background

Plaintiff, who was born on April 19, 1983, worked in various positions as a cook, houseman, laborer, landscaper, and garment sorter. Tr. 181. Plaintiff applied for benefits on January 29, 2007. Tr. 153. He alleged that he became disabled on January 1, 2005. Tr. 12, 36. Plaintiff alleged that he was disabled as a result of bipolar disease. Tr. 180. Plaintiff's application was denied at the initial level on May 25, 2007 and at the reconsideration level on September 18, 2007. Tr. 91, 98. Plaintiff appealed by filing a request for a hearing by an administrative law judge ("ALJ") on

October 31, 2007. Tr. 104.

A hearing was held on May 14, 2009 before ALJ George W. Reyes, who heard testimony from Plaintiff and a Vocational Expert ("VE"). Tr. 33-86. The ALJ entered a decision finding Plaintiff not disabled. Tr. 10-19. The Appeals Council denied Plaintiff's request for review, thus rendering the ALJ's decision the final decision of the Commissioner, from which Plaintiff now appeals. Tr. 1-4. Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## Standard of Review and Applicable Law

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Langley v. Barnhart,* 373 F.3d 1116, 1118 (10th Cir. 2004). In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence, nor should it substitute its judgment for that of the Commissioner. *Id.* Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1988). The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of evidence. *Id.* However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act. *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920. First, the question is whether the claimant is engaged in substantial gainful activity. *Williams,* 844 F.2d at 750. If so, the claimant is not disabled; if not, the analysis proceeds

to step two. *Id.* At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe. *Id.* If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three. *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment"). *Id.* at 751. If so, the impairment is considered to be presumptively disabling. *Id.* If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work. *Id.*

The claimant is not disabled if he or she can perform past work. *Id.* If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the residual functional capacity ("RFC") "to perform other work in the national economy in view of his age, education and work experience." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

## Summary of the ALJ's Decision

At step one of the sequential five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. Tr. 12. The ALJ found at step two that Plaintiff had the severe impairments of bipolar disorder and polysubstance abuse in partial remission. Tr. 12. The ALJ found at step three that Plaintiff's impairments were not severe enough to meet or medically equal any of the Listings. Tr. 12-14. At step four, the ALJ concluded that Plaintiff had the RFC to perform medium work with the following limitations: limited to simple

tasks not performed in a fast paced production environment, able to make simple work-related decisions, to work primarily with things and not people; to perform work essentially isolated with only occasional supervision and interaction with co-workers; perform jobs entailing limited interaction with general public and is able to attend to tasks and to concentrate two hours at a time. Tr. 14. The ALJ found that Plaintiff does not have a history of past relevant work. Tr. 17. At step five, the ALJ used the Medical-Vocational Rules as a framework to find that the Plaintiff was not disabled. Tr. 17-18.

Plaintiff alleges the following errors: (1) the ALJ improperly assessed Plaintiff's RFC, and in doing so, improperly assessed the weight to be afforded the opinions and findings of Claimant's treating doctors and failed to consider all of the evidence; (2) the ALJ made an improper materiality finding; (3) the ALJ improperly translated a finding of moderate limitations into a conclusion that Plaintiff is limited to simple, unskilled, routine work; (4) the ALJ failed to investigate conflicts between the Vocational Expert's testimony and Dictionary of Occupational Titles information; (5) the ALJ's credibility determination is unsupported by substantial evidence and is contrary to law.

## Discussion

### 1. The ALJ's Treatment of the Opinion of Michael Bischoff, MA, LPCC

Plaintiff contends that the ALJ erred by failing to evaluate Michael Bischoff's opinion as an "other source" in accordance with SSR 06-03p and by failing to discuss what weight he would attribute to his opinion. Plaintiff claims that such failure requires remand.

Michael Bischoff is a Licensed Professional Clinical Counselor at UNMH Mental Health Department. He was Plaintiff's treating therapist from August 2008 to March 2009, working with attending psychiatrists. Tr. 375-398. Records indicate that he provided counseling to Plaintiff on at least ten occasions. *Id.* On May 5, 2009 Mr. Bischoff completed a Mental Residual Functional

Capacity Assessment for Plaintiff for the time period August 2008 to May 2009.  Tr. 418. Mr. Bischoff found moderate limitations in the following areas:

> 1.  The ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances.
>
> 2.  The ability to sustain an ordinary routine without special supervision.
>
> 3.  The ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.
>
> 4.  The ability to accept instructions and respond appropriately to criticism from supervisors.
>
> 5.  The ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes.
>
> 6.  The ability to respond appropriately to changes in the work setting.
>
> 7.  The ability to travel in unfamiliar places or use public transportation.
>
> 8. The ability to set realistic goals or make plans independently of others.

As a therapist, Mr. Bischoff falls into the category of "other source" for health care providers who are not technically deemed "acceptable medical sources." SSR 06-03p. Although evidence and an opinion from an "other source" cannot establish the existence of a medically determinable impairment, such evidence is important and should be evaluated by an ALJ to show the severity of a Claimant's impairment(s) and how it affects the individual's ability to function. SSR 06-03p.  The factors an ALJ should apply when weighing opinion evidence include:

> 1.  How long the source has known and how frequently the source has seen the individual;
>
> 2.  How consistent the opinion is with other evidence;
>
> 3.  The degree to which the source presents relevant evidence to support an opinion;
>
> 4.  How well the source explains the opinion;

5. Whether the source has a specialty or area of expertise related to the individual's impairment(s); and

6. Any other factors that tend to support or refute the opinion.

Additionally, SSR 06-03p states that "adjudicator[s] generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence…allows a claimant or subsequent reviewer to follow the adjudicator's reasoning." *Bowman v. Astrue*, 511 F.3d 1270, 1275 (10th Cir. 2008) (citation omitted).

In his Decision, the ALJ acknowledged that Mr. Bischoff was a treating source to Plaintiff along with attending psychiatrist Dr. Gallegos. Tr. 15. However, the ALJ does not discuss Mr. Bischoff's opinion evidence, does not indicate the weight he gave Mr. Bischoff's opinions, nor generally explain the weight or otherwise ensure that the discussion of the evidence allows the Court to follow the ALJ's reasoning. He applies none of the factors listed above. The Court finds that the ALJ failed to apply SSR 06-03p to the opinion of Mr. Bischoff. Such failure is legal error which requires remand. *See Bowman v. Astrue,* 511 F.3d at 1276.

## 2. Developing the Record

The Plaintiff claims that the ALJ failed to adequately develop the record regarding Dr. Han-Jun Lee's opinion that Plaintiff was not able to handle gainful employment. Because a social security disability hearing is a non-adversarial proceeding, the Commissioner bears the responsibility to ensure that "an adequate record is developed during the disability hearing consistent with the issues raised." *Henrie v. United States Department of Health & Human Services,* 13 F.3d 359, 360-61 (10th Cir. 1993). The ALJ must "make every reasonable effort to ensure that the file

contains sufficient evidence to assess RFC." SSR 96-8p.  Pursuant to the regulations, the ALJ may recontact a "medical source." 20 C.F.R. Section 404.15123(e).

A.  Han-Jun Lee M.D.

The record includes a letter dated January 29, 2006 from Han-Jun Lee, M.D., staff psychiatrist at Firelands Regional Medical Center which indicates that Plaintiff was under Dr. Lee's care for bipolar disease.  Tr. 287. It was Dr. Lee's opinion that Plaintiff was not able to handle gainful employment at that time. The ALJ apparently rejected Dr. Lee's opinion stating that "there is no objective medical evidence from this source supporting this conclusion."

The Plaintiff argues that support for Dr. Lee's statement exists in the record that was overlooked by the ALJ.  Plaintiff was hospitalized at North Coast Behavioral Health Care from December 5, 2006 to January 19, 2007.  Tr. 290-304.  While there, he was diagnosed with bipolar mood disorder and alcohol and nicotine dependence. Tr. 292.  Treatment notes from Firelands dated January 29, 2007 reference a packet from North Coast.  Tr. 306.  Dr. Lee's letter is dated January 29, 2006. Tr. 287.  Plaintiff claims that there may be an inconsistency with the date of Dr. Lee's letter and Plaintiff's treatment at Firelands.  It appears to the Court that the letter could have been written in January 2007.  Because this case is being remanded on other grounds, on remand, the Commissioner should recontact Dr. Lee regarding the possible inconsistency between the date of his letter and Plaintiff's treatment at Firelands, consider the packet from North Coast in connection with Dr. Lee's opinion if appropriate, and develop the record as necessary regarding support for Dr. Lee's opinion.

B. Imad Melhem, M.D.

This Court will also consider *sua sponte* the ALJ's treatment of Dr. Imad Melhem. Dr. Melhem reported by letter dated February 19, 2008 that he was following Plaintiff at the University

7

of New Mexico Department of Psychiatry outpatient clinic. Tr. 373. He stated that Plaintiff has a history of Bipolar Affective Disorder Type I and is being constantly assessed and treated pharmacologically as well as with psychotherapy. Dr. Melhem states: "At this time and as a result of his illness, Mr. Bennett shows a high level of mood instability, cognitive deficits and vegetative signs that impair his ability to function and impact his ability to carry on a job successfully." The ALJ apparently rejected Dr. Melhem's opinion stating that the doctor did not include a medical source statement regarding Plaintiff's actual functional capabilities. Tr. 15.

Because this case is being remanded on other grounds and in keeping with the ALJ's duty to develop the record, on remand, the Commissioner should consider whether it would be helpful to have Dr. Melhem prepare a medical source statement regarding Plaintiff's actual functional capabilities.

**4. Remaining Alleged Errors by Plaintiff.**

This Court declines to reach the other issues raised on appeal as they may be affected by the Commissioner's treatment of the case on remand. *See Robinson v. Barnhart,* 366 F.3d 1078, 1084 (10th Cir. 2004) (quotation omitted); *Lopez v. Astrue,* 2010 WL 1172610 at *12 (10th Cir. (N.M.)).

## Conclusion

For the foregoing reasons, this Court finds that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision is hereby granted and this matter is remanded to the Commissioner of Social Security for further proceedings consistent with these findings.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**